**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| EMPIRE UNITED LINES and MICHAEL HITRINOV, <br><br> Plaintiffs, <br><br> v. <br><br> BALTIC AUTO SHIPPING, INC., <br><br> Defendant. | Civil Action No.: 15-cv-355 <br><br> **OPINION AND ORDER** |

**CECCHI, District Judge.**

This matter comes before the Court on the Order to Show Cause filed by Plaintiffs Empire United Lines Co., Inc. ("EUL") and EUL's President, Michael Hitrinov ("Hitrinov," and collectively, "Plaintiffs"), requesting that this Court enter a Temporary Restraining Order and a Preliminary Injunction pursuant to Federal Rule of Civil Procedure 65 against Defendant Baltic Auto Shipping, Inc. ("Defendant"). ECF No. 5.

Plaintiffs state that on November 26, 2014, Defendant commenced a suit against Plaintiffs before the Federal Maritime Commission ("FMC"), allegedly in violation of a settlement agreement between the parties, which had resolved a prior suit in this Court over three years ago. Pls.' Br. 2. On January 20, 2015, Plaintiffs filed the instant action in this Court, seeking damages stemming from Defendant's alleged breach of the settlement agreement and specific performance of the settlement agreement, including an injunction prohibiting Defendant from proceeding with its claims before the FMC. Compl. ¶¶ 23-34. Along with the Complaint, on January 20, 2015, Plaintiffs filed an Order to Show Cause seeking temporary restraints and, eventually, a preliminary

1

injunction enjoining Defendant from proceeding with its claims before the FMC. Pls.' Br. 9.

Federal Rule of Civil Procedure 65 permits District Courts to grant temporary restraining orders. Fed. R. Civ. P. 65(b). Granting injunctive relief is "an extraordinary remedy . . . which should be granted only in limited circumstances." AT&T v. Winback and Conserve Program, Inc., 42 F.3d 1421, 1426-27 (3d Cir. 1994) (internal quotation and citation omitted). For a court to grant injunctive relief, a party must show: "(1) a likelihood of success on the merits; (2) that it will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief." Kos Pharms., Inc. v. Andrx Corp., 369 F.3d 700, 708 (3d Cir. 2004). The party seeking injunctive relief bears the burden of showing that all four factors weigh in favor of preliminary relief. AT&T, 42 F.3d at 1427. Further, the Supreme Court has stated that "the basis of injunctive relief in the federal courts has always been irreparable harm and inadequacy of legal remedies." Sampson v. Murray, 415 U.S. 61, 88 (1974) (quoting Beacon Theaters, Inc. v. Westover, 359 U.S. 500, 506-07 (1959)); see also 11A Charles Alan Wright et al., Federal Practice and Procedure § 2948.1 (3d ed.) ("Only when the threatened harm would impair the court's ability to grant an effective remedy is there really a need for preliminary relief.").

As to Plaintiffs' likelihood of success, there is a dispute between Plaintiffs and Defendant over whether the release contained in the parties' earlier settlement agreement applies to the FMC proceedings. Plaintiffs argue that the release was a general release that clearly prohibits Defendant's commencement of FMC proceedings. Defendant argues, among other things, that the release applied only to shipping charges related to specific containers identified in Exhibits A and B of the settlement agreement. Thus, given the differing possible interpretations, this factor does not weigh strongly in favor of or against granting injunctive relief.

2

More importantly, Plaintiffs have not demonstrated that they will suffer irreparable harm in the absence of injunctive relief. Plaintiffs argue that they will suffer irreparable harm "that cannot be redressed adequately by monetary damages." Pls.' Br. 5-6. The harms Plaintiffs specify are litigation costs, ongoing reputational damage and the risk of multiple and inconsistent decisions from this Court and the FMC. Id. at 6. First, litigation costs can be compensated by monetary damages, and thus do not support a finding of irreparable harm. See Kos Pharms., 369 F.3d at 728 ("Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay, are not enough [to constitute irreparable harm].") (quoting Sampson v. Murray, 415 U.S. 61, 90 (1974)).

Second, the reputational injury complained of by Plaintiffs already occurred when the commencement of the FMC action was published in the Federal Register. See Pls.' Br. 2. Moreover, the Federal Register merely indicates that Defendant filed a complaint against Plaintiffs with the FMC; it characterizes the contents of the complaint as allegations, not facts, and provides dates by which the matter will be decided by the FMC. See Hitrinov Cert., Ex. I. Plaintiffs submit the speculative assertions that EUL will continue to suffer reputational harm from the ongoing proceedings before the FMC, in addition to the risk of multiple inconsistent decisions on the scope of the release. Hitrinov Cert. ¶ 16; see also Pls.' Reply at 7 (arguing that Plaintiffs are at risk of "irreparable harm due to the potential for multiple and inconsistent decisions"). Plaintiffs do not explain why the speculative risk of multiple and inconsistent decisions would constitute immediate harm to them, apart from litigation costs (compensable by monetary damages) associated with pursuing their dispute in multiple fora.

Plaintiffs do not contest that they may raise their claims that the Defendant has breached the settlement agreement before the FMC. Pls.' Reply 4-5 ("It is precisely **because** plaintiffs may

3

move to dismiss the FMC matter on the same grounds which plaintiffs are relying upon to support their cause of action in this case for breach of the settlement agreement, that plaintiffs are exposed to the risk of multiple and inconsistent decisions."). Plaintiffs' request for injunctive relief thus boils down to their preference for this Court as a forum in lieu of the FMC. Id. at 5 ("When the parties settled the 2011 Baltic Lawsuit, they specifically negotiated for and contracted for this Court to retain jurisdiction over enforcement of the settlement agreement . . . ."). However, Judge Hochberg's order dated January 16, 2015, denying Plaintiffs' application for injunctive relief filed in the earlier case that was settled, indicated that this Court did not retain jurisdiction over the matter to enforce the settlement agreement. See ECF No. 9, Civil Action No. 11-6908. The specter of any remaining issues concerning concurrent litigation does not justify injunctive relief at this time. Plaintiffs have failed to satisfy their burden as to irreparable harm.

Finally, Plaintiffs' arguments regarding the public interest do not outweigh the absence of irreparable harm, and Plaintiffs have not sufficiently demonstrated that the balancing of the hardships between the parties weighs in Plaintiffs' favor.

For the foregoing reasons, the Court denies Plaintiffs' request for temporary restraints. Accordingly,

**IT IS** on this 23rd day of January, 2015,

**ORDERED THAT:**

1. Plaintiffs' request for temporary restraints (ECF No. 5) is DENIED.
2. The Order to Show Cause is DENIED.

**SO ORDERED.**

_____
**CLAIRE C. CECCHI, U.S.D.J.**